UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

SHEELA SANGAN

    Plaintiff

CIVIL ACTION NO.

V.

YALE UNIVERSITY and V.M. RAJENDRAN    APRIL 17, 2006

    Defendants

<u>NOTICE OF REMOVAL</u>

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Defendants, Yale University and V.M. Rajendran, hereby respectfully state the following:

1. An action was commenced by Sheela Sangan in the Superior Court of the State of Connecticut in and for the Judicial District of New Haven at New Haven, entitled *Sheela Sangan vs. Yale University and V.M. Rajendran*, bearing a return date of April 25, 2006.

2. By service of Summons and Complaint within thirty days hereof, the plaintiff commenced her action against the defendants.

Copies of all pleadings served upon the defendants in said action are annexed hereto as Exhibit A.

   3. The above-described action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1337 and 1343 and is one which may be removed to this Court by the defendants pursuant to the provisions of 28 U.S.C. § 1441.

   4. The action is removable under 28 U.S.C. § 1441 because this is a civil action over which the United States District Court has jurisdiction. The plaintiff asserts claims under the Americans with Disabilities Act, 42 U.S.C. § 12100 et seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

   5. Plaintiff has alleged that, and upon information and belief, the defendant Yale University has violated rights secured to the plaintiff by the provisions of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, U.S.C. §§ 2000e. The plaintiff has also alleged that the defendant Yale has violated the rights secured to the plaintiff by the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12100 et seq. The plaintiff has alleged that the defendant Dr.

V.M. Rajendran, at all relevant times was an agent officer or employee of the defendant and was acting in his capacity as such.

6. This Notice of Removal is being filed with this Court within thirty (30) days after receipt by the defendants of the initial pleading setting forth the claims for relief upon which this action is based. Service was made upon defendant Yale University and upon the defendant V.M. Rajendran on or about March 20, 2006. Accordingly, this Notice of Removal is being filed well-within the 30-day period provided for under 28 U.S.C. § 1446(b).

7. Attached hereto as Exhibit B is a copy of the Notice of Filing of Notice of Removal, which is being filed with the New Haven Superior Court.

WHEREFORE, the defendants in the action now pending in the Superior Court, State of Connecticut, Judicial District of New Haven at New Haven pray that such action be removed to this Court.

THE DEFENDANTS

BY: _____

Kevin C. Shea
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT 06511
203/787-1183
Fed. Juris # ct04261

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed postage

prepaid to William S. Palmieri, Esq., 205 Church Street, New Haven,

Connecticut 06510 on the 17th day of April 2006.

_____
CLENDENEN & SHEA, LLC

4

Exhibit A

**SUMMONS - CIVIL**
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

EXHIBIT A
STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.state.ct.us

**"X" ONE OF THE FOLLOWING:**
Amount, legal interest or property
in demand, exclusive of interest
and costs is:

☐ less than $2,500
☐ $2,500 through $14,999.99
☒ $15,000 or more
("X" if applicable)
☐ Claiming other relief in addition
to or in lieu of money or
damages.

**INSTRUCTIONS**
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| | | | RETURN DATE (Mo., day, yr.) (Must be a Tuesday) 4/25/06 |
|---|---|---|---|
| ☒ JUDICIAL DISTRICT | ☐ HOUSING SESSION ☐ G.A. NO. | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) NEW HAVEN | CASE TYPE (See JD-CV-1c) Major T Minor 90 |

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
235 CHURCH STREET, NEW HAVEN, CT 06510

TELEPHONE NO. (w/area code)
503-6800

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial | | PTY NO. |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | SANGAN, SHEELA 475 DURHAM ROAD, MADISON, CT 06443 | | ☐ Form JD-CV-2 attached | 01 |
| Additional Plaintiff | | | | 02 |
| FIRST NAMED DEFENDANT | YALE UNIVERSITY 2 WHITNEY AVE., 6TH FLOOR, P.O. BOX 208255, NEW HAVEN, CT 06520 | | | 50 |
| Additional Defendant | RAJENDRAN, V. M 25 COPPER BEECH DRIVE, CHESHIRE, CT 06410 | | | 51 |
| Additional Defendant | | | | 52 |
| Additional Defendant | | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 3/17/06 | SIGNED (Sign and "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT WILLIAM S. PALMIERI |
|---|---|---|---|

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) L/O W.S. PALMIERI, LLC 205 CHURCH ST #311 NEW HAVEN CT 06510 | TELEPHONE NUMBER 562-3100 | JURIS NO. (if atty. or law firm) 409481 |
|---|---|---|
| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code) KATHRYN R. SYLVESTER, P.O. BOX 19, BETHANY, CT 06510 | SIGNATURE OF PLAINTIFF IF PRO SE | |

| # PLFS. 1 | # DEFS. 2 | # CNTS. 6 | SIGNED (Official taking recognizance; "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | For Court Use Only FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

RETURN DATE: APRIL 25, 2006          :        SUPERIOR COURT

SHEELA SANGAN                        :        J. D. OF NEW HAVEN

VS.                                  :        AT NEW HAVEN

YALE UNIVERSITY and                  :
V. M. RAJENDRAN                      :        MARCH 17, 2006

## C O M P L A I N T

### FIRST COUNT

1. At all times relevant to the instant complaint, the plaintiff, Sheela Sangan, was and is an adult resident of Madison, Connecticut. The plaintiff is a female of Indian descent, and was born in India.

2. At all times relevant to the instant complaint, the defendant Yale University was and is an employer with more than 100 employees.

3. At all times relevant to the instant complaint, the plaintiff was employed by the defendant Yale University as a Research Assistant II in a laboratory of the defendant.

4. At all times relevant hereto, the supervisor of the lab was Dr. Henry Binder, a white American male. Dr. Binder is an agent, officer or employee of the defendant Yale, and at all times relevant hereto was acting in his capacity as such.

5. At all times relevant hereto, the defendant, Dr. V. M. Rajendran was the direct supervisor of the plaintiff. The defendant Rajendran is a male of

Indian descent. At all times relevant hereto, Dr. V. M. Rajendran was an agent, officer or employee of the defendant, and was acting in his capacity as such.

6. For an extended period of time continuing to the present, the plaintiff has been subjected to an ongoing pattern of harassment, discrimination and disparate treatment by the defendants.

7. From 2002 to the present, the plaintiff was the only female employee in the laboratory in which she worked. The plaintiff was the only female lab technician therein since August, 1997.

8. On November 6, 2003, the plaintiff complained to the defendant Yale in writing about the treatment she had been suffering. The plaintiff informed the defendant Yale that defendant Rajendran was falsely claiming that she performed no work for him.

9. In her letter of complaint, the plaintiff informed the defendant Yale that defendant Rajendran was treating her differently from other lab personnel who were not Indian females. The plaintiff specifically cited Rajendran's refusal to sign her time sheets, his yelling at her, his belittling her, his forbidding her from writing notes and participating in lab discussions, and that Rajendran generally mistreated and disrespected her.

10. In her letter, the plaintiff also informed the defendant Yale that defendant Rajendran threatened her, claiming that she would lose her job if she

2

sought the assistance of the union to stop the harassing and discriminatory conduct. Rajendran further boasted that the union could do nothing to him, as he is a scientist.

11. The plaintiff also informed the defendant Yale that defendant Rajendran repeatedly told her that women should not be fat, and that they have to lose weight after giving birth and keep their bodies in shape, referring to the plaintiff.

12. The plaintiff also reported to the defendant Yale that she heard the defendant Rajendran telling other lab staff that Christianity is bogus, and that Hinduism is the better religion. Rajendran knows that the plaintiff is a Christian.

13. The plaintiff also informed the defendant Yale that defendant Rajendran stated on several occasions that men are superior to women and that they should simply listen to whatever was said to them by men.

14. The plaintiff complained about this sexist behavior, stating that Rajendran hates women and that the plaintiff was aware that he had trouble with several other women who had worked in the lab, at least one of whom resigned because of defendant Rajendran.

15. The plaintiff also informed the defendant Yale that defendant Rajendran's efforts to humiliate and harass her were increasing, and that she was suffering stress, chest pain and nightmares as a result.

3

16. During this period of time, the plaintiff informed Dr. Binder of defendant Rajendran's words and actions. Dr. Binder did nothing to assist her or to deter Rajendran.

17. During this period of time, the defendant Yale began requiring the plaintiff to keep a detailed log of her work. No one else was required to do this, nor was the plaintiff before her written complaint about the defendants.

18. On February 11, 2004, the plaintiff again informed her employer, the defendant Yale, in writing that she was being harassed by Rajendran. The plaintiff additionally wrote directly to the defendant Rajendran to ask him to stop lying about and yelling at her. The plaintiff again requested that the defendant Yale intercede on her behalf, suggesting that Binder talk to Rajendran to get him to stop his conduct.

The plaintiff additionally reported her worsening situation to JoAnn Sullivan, an agent, officer or employee of the defendant Yale.

19. Thereafter, the defendant Yale allowed defendant Rajendran to increase his hostility toward the plaintiff, yelling at her and preventing her from going home sick. The plaintiff reported this to her Union and to a Human Resources Representative of the defendant Yale.

4

20. During this period of time, the plaintiff began applying for positions in other departments of the defendant University, as her work situation had become intolerable due to the harassment, discrimination and retaliation.

21. On March 10, 2004, the plaintiff notified Binder of her efforts to seek other employment at the defendant Yale, away from Binder's lab and defendant Rajendran.

22. On April 5, 2004, the plaintiff met with Binder at his request. In this meeting, Binder told the plaintiff that he believed that all of her accusations, including those against Rajendran, were false. Binder warned the plaintiff to forget about applying for other positions, and ordered her to continue working in his lab, despite and in submission to the problems with defendant Rajendran.

23. On April 6, 2004, Binder accused the plaintiff of not doing sufficient work. The plaintiff told him that she was there to assist the scientists, and did and would continue to do the work assigned to her.

24. The situation deteriorated further. Binder finally claimed that the plaintiff was saying, or thinking that he and Rajendran were "jerks." The plaintiff was reduced to tears, yet nevertheless told Binder that she had a great deal of respect for him.

5

25. Later that day, the plaintiff informed Binder that she had never been taught to use a computer program by anyone in the lab. Rather than teaching her or arranging for her to be taught the program, Binder stated that he was "ashamed" of me.

26. Thereafter, on numerous occasions Binder and defendant Rajendran accused the plaintiff of not doing enough work and not working efficiently enough. On one occasion, Dr. Binder unfairly compared the plaintiff's work abilities to postdoctorate workers, who he knows to be more highly skilled and educated than the plaintiff. Dr. Binder then ordered the plaintiff to create a work plan for herself, refusing to assist her in doing so. No other employee was required to do this.

27. On April 12, 2004, the plaintiff informed the defendant Yale that she had medical problems and requested accommodations therefor. The defendant's response was to tell her that if she was physically present on the job, she must work as she had before, and that it would change nothing.

28. On April 15, 2004, Dr. Binder called the plaintiff into his office. While in there, Dr. Binder became infuriated at her and accused the plaintiff of ignoring him for looking down while he was speaking to her, although the plaintiff explained that it is a custom in her native country (India), when one is addressed by one's teachers or elders.

6

29. On April 16, 2004, Dr. Binder again confronted the plaintiff, again accusing her of not working hard enough. Dr. Binder also accused her of lying about not looking him in the face. Despite her asking again, Binder refused to put in writing what he expected of the plaintiff at the workplace. On this same day, defendant Rajendran again refused to sign the plaintiff's timesheet despite her requests, thereby preventing the plaintiff from receiving the pay she had earned.

30. The plaintiff again complained to her union about the harassment, and a representative of the union met with Dr. Binder.

31. After having informed the defendant Yale of her medical problems, the plaintiff was required to provide documentation from her physicians, which she did. Although the plaintiff could easily have been accommodated by the defendant Yale, she was not.

32. Thereafter, the defendant Yale forced the plaintiff to take sick leave rather than assigning her other duties within my her criteria, and required her to see a physician of the defendant Yale.

33. On May 11, 2004, the defendant Yale's physician confirmed that the plaintiff has medical problems and required accommodation, as the plaintiff had requested of the defendant, and her two physicians confirmed.

7

34. Nevertheless, the plaintiff was required by the defendant Yale to use sick time, although it was aware that she did not have any paid leave of any sort left, and it was aware that the plaintiff could do the essential functions of her job with reasonable accommodation.

35. Thereafter, the plaintiff was informed by the defendant Yale that her position was to be terminated on August 29, 2004.

36. I was thereafter terminated by the defendant Yale.

37. Despite the availability of positions at the defendant Yale for which the plaintiff was qualified, the defendant Yale did not hire the plaintiff of offer to her such positions.

38. The plaintiff was harassed, treated differently from other similarly situated employees, discriminated against, retaliated against, not hired and terminated in part because of one or more of the following: her gender, race, color, ethnicity, national origin, ancestry, religion, disabilities and that she complained about such treatment.

39. The reasons for the termination of the plaintiff were pretextual.

40. The plaintiff was harassed, treated differently from other similarly situated employees and terminated in part because of one or more of the following: her gender, national origin, age, ancestry and that she complained about such treatment.

8

41.  The plaintiff has exhausted her administrative remedies prerequisite to suit, and has received a Release of Jurisdiction from the Connecticut Commission on Human Rights and Opportunities.

42.  The conduct of the defendant Yale and its agents, officers and employees constitute violations of the Connecticut Fair Employment Practices Act, Sections 46a-58(a) et seq. of the Connecticut General Statutes.

43.  The actions of the defendants described herein have caused the plaintiff to suffer, inter alia, severe adverse effects upon her mental and physical health, ascertainable economic loss, severe emotional distress, the loss of her employment and all of the economic benefits appurtenant thereto, the derogation of her professional and personal reputations and ability to secure employment in her professional field.

WHEREFORE, the plaintiff claims judgment against the defendant Yale for compensatory damages, economic damages, noneconomic damages, punitive damages, costs, attorney fees and such other damages as law and equity permit.

**SECOND COUNT**

1 - 41.  Paragraphs 1 through 41 of the First Count are hereby made Paragraphs 1 through 41, respectively, of the Second Count.

9

42.  In the manner described above, the defendant Yale has violated the rights secured to the plaintiff by the provisions of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C.A.§ 2000e.

43.  The actions of the defendant Yale described herein have caused the plaintiff to suffer, inter alia, severe adverse effects upon her mental and physical health, ascertainable economic loss, severe emotional distress, the loss of her employment and all of the economic benefits appurtenant thereto, the derogation of her professional and personal reputations and ability to secure employment in her professional field.

WHEREFORE, the plaintiff claims judgment against the defendant for compensatory damages, economic damages, noneconomic damages, punitive damages, costs, attorney fees and such other damages as law and equity permit.

## THIRD COUNT

1 - 41.  Paragraphs 1 through 41 of the First Count are hereby made Paragraphs 1 through 41, respectively, of the Third Count.

42.  The defendant Yale, inter alia, failed, refused or neglected to supervise, train, instruct, monitor, adequately screen, hire or otherwise direct its agents, officers or employees regarding the plaintiff; to protect the plaintiff from the negligent, reckless, intentional or tortious acts of its agents, officers or

10

employees; and by and through other acts and omissions failed, refused or neglected to fulfil its duties to the plaintiff.

43. The actions of the defendant Yale described herein have caused the plaintiff to suffer, inter alia, severe adverse effects upon her mental and physical health, ascertainable economic loss, severe emotional distress, the loss of her employment and all of the economic benefits appurtenant thereto, the derogation of her professional and personal reputations and ability to secure employment in her professional field.

WHEREFORE, the plaintiff claims judgment against the defendant Yale for compensatory damages, economic damages, noneconomic damages, punitive damages, costs, attorney fees and such other damages as law and equity permit.

**FOURTH COUNT**

1 - 41. Paragraphs 1 through 41 of the First Count are hereby made Paragraphs 1 through 41, respectively, of the Fourth Count.

42. The actions of the defendant Yale were extreme and outrageous.

43. The actions of the defendant Yale were intentional and malicious.

44. The defendant Yale knew that the actions described herein were likely to cause severe emotional distress, and did cause severe emotional distress.

11

45. The actions of the defendant Yale described herein have caused the plaintiff to suffer, inter alia, severe adverse effects upon her mental and physical health, ascertainable economic loss, severe emotional distress, the loss of her employment and all of the economic benefits appurtenant thereto, the derogation of her professional and personal reputations and ability to secure employment in her professional field.

WHEREFORE, the plaintiff claims judgment against the defendant Yale for compensatory damages, economic damages, noneconomic damages, punitive damages, costs, attorney fees and such other damages as law and equity permit.

**FIFTH COUNT**

1 - 41. Paragraphs 1 through 41 of the First Count are hereby made Paragraphs 1 through 41, respectively, of the Fifth Count.

42. In the manner described above, the defendant Yale has violated the rights secured to the plaintiff by the provisions of the Americans With Disabilities Act, 42 U.S.C. Title I, and  Sec. 504 of Rehabilitation Act of 1973, as amended.

43. The actions of the defendant Yale described herein have caused the plaintiff to suffer, inter alia, severe adverse effects upon her mental and physical health, ascertainable economic loss, severe emotional distress, the loss of her employment and all of the economic benefits appurtenant thereto, the derogation

12

of her professional and personal reputations and ability to secure employment in her professional field.

WHEREFORE, the plaintiff claims judgment against the defendant for compensatory damages, economic damages, noneconomic damages, punitive damages, costs, attorney fees and such other damages as law and equity permit.

## SIXTH COUNT

1 - 41.  Paragraphs 1 through 41 of the First Count are hereby made Paragraphs 1 through 41, respectively, of the Sixth Count.

42.  The actions of the defendant Rajendran were extreme and outrageous.

43.  The actions of the defendant Rajendran were intentional and malicious.

44.  The defendant Rajendran knew that the actions described herein were likely to cause severe emotional distress, and did cause severe emotional distress.

45.  The actions of the defendant Rajendran described herein have caused the plaintiff to suffer, inter alia, severe adverse effects upon her mental and physical health, ascertainable economic loss, severe emotional distress, the loss of her employment and all of the economic benefits appurtenant thereto, the

13

derogation of her professional and personal reputations and ability to secure employment in her professional field.

WHEREFORE, the plaintiff claims judgment against the defendant Yale for compensatory damages, economic damages, noneconomic damages, punitive damages, costs, attorney fees and such other damages as law and equity permit.

THE PLAINTIFF

BY

WILLIAM S. PALMIERI
Law Offices of William S. Palmieri, L.L.C.
205 Church Street, Suite 311
New Haven, CT 06510
(203) 562-3100
(203) 498-6076 (fax)
wpalmieri@hotmail.com
Juris No.409481

14

| RETURN DATE: APRIL 25, 2006 | : | SUPERIOR COURT |
|---|---|---|
| SHEELA SANGAN | : | J. D. OF NEW HAVEN |
| VS. | : | AT NEW HAVEN |
| YALE UNIVERSITY and V. M. RAJENDRAN | : | MARCH 17, 2006 |

## PRAYER FOR RELIEF

**FIRST COUNT:**

The plaintiff claims judgment against the defendant, exclusive of interests and costs, in an amount greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS.

**SECOND COUNT:**

The plaintiff claims judgment against the defendant, exclusive of interests and costs, in an amount greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS.

**THIRD COUNT:**

The plaintiff claims judgment against the defendant, exclusive of interests and costs, in an amount greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS.

15

## FOURTH COUNT:

The plaintiff claims judgment against the defendant, exclusive of interests and costs, in an amount greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS.

## FIFTH COUNT:

The plaintiff claims judgment against the defendant, exclusive of interests and costs, in an amount greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS.

## SIXTH COUNT:

The plaintiff claims judgment against the defendant, exclusive of interests and costs, in an amount greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS.

THE PLAINTIFF

BY _____
WILLIAM S. PALMIERI
Law Offices of William S. Palmieri, L.L.C.
205 Church Street, Suite 311
New Haven, CT 06510
(203) 562-3100
(203) 498-6076 (fax)
wpalmieri@hotmail.com
Juris No.409481

16

Exhibit B

EXHIBIT B

RETURN DATE:  APRIL 25, 2006

SHEELA SANGAN                          SUPERIOR COURT

VS.                                    JUDICIAL DISTRICT OF NEW
                                       HAVEN AT NEW HAVEN
YALE UNIVERSITY and
V.M. RAJENDRAN                         APRIL 17, 2006

<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

      The defendants, YALE UNIVERSITY and V.M. RAJENDRAN,

through their attorneys, Clendenen & Shea, LLC, hereby certify that they

have filed a Notice of Removal of the above-captioned action to the Untied

States Court for the District of Connecticut on April 17, 2006.  A copy of

said notice is attached hereto as Exhibit A.

                    THE DEFENDANTS

BY:_____
            Kevin C. Shea
            CLENDENEN & SHEA, LLC
            400 Orange Street
            New Haven, CT  06511
            203/787-1183
            Fed. Juris # ct04261

LAW OFFICES  •  CLENDENEN & SHEA, LLC
400 ORANGE STREET  •  NEW HAVEN, CT 06511  •  (203) 787-1183  •  JURIS NO. 09775

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed postage prepaid to William S. Palmieri, Esq., 205 Church Street, New Haven, Connecticut 06510 on the 17th day of April 2006.

_____

CLENDENEN & SHEA, LLC

LAW OFFICES • CLENDENEN & SHEA, LLC
400 ORANGE STREET • NEW HAVEN, CT 06511 • (203) 787-1183 • JURIS NO. 09775